IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

April 14, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ T. Costa
DEPUTY CLERK

| | | |
|---|---|---|
| **CHRISTINA RHETT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: 7:25-cv-911** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **CHRIS REHAK,** | ) | **By: Hon. Robert S. Ballou** |
| | ) | **United States District Judge** |
| **Defendant.** | ) | |

**MEMORANDUM OPINION**

Christina Rhett, proceeding *pro se*, filed an Amended Complaint in this civil rights action under 42 U.S.C. §1983, against Commonwealth's Attorney Chris Rehak and the Office of the Attorney General of Virginia (collectively, "Defendants"). Rhett alleges that Rehak violated her "Fourteenth Amendment and other federal constitutional rights" by allowing perjured witness testimony, altering or misrepresenting court transcripts, and failing to disclose material evidence. Dkt. 12, at 1. Rhett further alleges that the Office of the Attorney General of Virginia "failed to properly supervise or implement polices ensuring that prosecutors and law enforcement did not engage in perjury, misconduct, or evidence suppression." *Id.* at 3 (emphasis omitted). Rhett seeks money damages and asks the Court for a declaratory judgment that Defendants' actions violated her constitutional rights—as well as an injunction directing Defendants to "correct official records and prevent further misconduct." *Id.*

The Court dismissed the Office of the Attorney General of Virginia from the action with prejudice, as it is not a "person" subject to suit under § 1983. Dkt. 25. Rehak (now the sole defendant) moves to dismiss this case for lack of subject matter jurisdiction and failure to state a

claim. Dkt. 20. For reasons set forth below, Rehak's motions are **GRANTED**, and this action is

**DISMISSED WITH PREJUDICE.**

### I.    Standard of Review

To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Id.*

"[C]ourts are obligated to liberally construe *pro se* complaints, however inartfully

pleaded." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 540 (4th Cir. 2017). Liberal construction

is particularly important when *pro se* complaints allege civil rights violations. *Smith v. Smith*,

589 F.3d 736, 738 (4th Cir. 2009). "Principles requiring generous construction of *pro se*

complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278

(4th Cir. 1985). "A *pro se* plaintiff still must allege facts that state a cause of action."

*Scarborough v. Frederick Cnty. Sch. Bd.*, 517 F. Supp. 3d 569, 575 (W.D. Va. 2021).

### II.    Background

Rhett accuses Rehak of pursuing criminal charges against her "based on the testimony of

a witness who was inherently incredible".[1] Dkt. 1, at 6. Rehak allegedly "unlawfully withheld

---

[1] These factual allegations appear in a "COMMONWEALTH OF VIRGINIA NOTICE OF TORT CLAIM" filed with Rhett's initial complaint. Dkt.1, at 6. Rhett later notified the Court that "the claims at issue are no longer asserted as state-law tort claims. . ." Dkt. 11, at 1. Also attached to the initial complaint is a printout of the "Virginia Judiciary Online Case Information System 2.0", showing search results for "Ronald Painter" (*Id.* at 8–13), a scanned file entitled "Confidential Informant Body of Work, CI# 216-N" (*Id.* at 14–43), and a stenographic report of an excerpt from the jury trial in *Commonwealth of Virginia v. Rolland Gardell Campbell, Jr.* (*Id.*

exculpatory material favorable to [her] defense," "[r]elied on a discredited informant," "[f]ailed to amend or reduce charges," and "[u]ltimately dropped the charges" against Rhett. *Id.*

Rhett clarifies these allegations in her Amended Complaint (Dkt. 12), alleging that Rehak[2] violated her "Fourteenth Amendment and other federal constitutional rights." Dkt. 12, at 1. These violations allegedly occurred during hearings in Radford City Court and at the "trial of Rolland Campbell," when Rehak purportedly "allowed perjured testimony to be presented by an informant and failed to correct the record" and "failed to disclose material evidence or accurate information regarding informants or cooperating witnesses . . .". *Id.* at 2. Rhett includes allegations that are not attributed to any particular defendant, including: 1) "[C]ritical statements were misrepresented in official transcripts;" 2) "[T]transcripts from these proceedings were altered, incomplete, or misrepresented;" and 3) "The misconduct caused Plaintiff irreparable harm, including legal prejudice, reputational damage, and denial of due process." *Id.* (emphasis omitted). Rhett's allegations do not identify specific perjured statements, transcript errors, or exculpatory evidence. *See generally id.* (listing factual allegations).

Rhett seeks a declaratory judgment that Rehak violated her constitutional rights, injunctive relief requiring Rehak to correct official records and refrain from "further misconduct," as well as costs, attorneys' fees, and both compensatory and punitive damages. *Id.* at 3.

---

at 44–79). In determining a motion to dismiss in a § 1983 case, courts may incorporate into the complaint outside arguments and documentation submitted by the *pro se* litigant. *Holley v. Combs*, 134 F.4th 142, 144 (4th Cir. 2025) (citing *Garrett v. Elko*, 120 F.3d 261, at *1 (4th Cir. 1997); *Gordon v. Leeke*, 574 F.2d 1147, 1149–51 (4th Cir. 1978)).

[2] Though unspecified, Rhett appears to refer to "Defendants" broadly as Defendant Rehak, with the only allegation listed against the Office of the Attorney General being the failure to supervise Rehak. Dkt. 12, at 2–3.

Rehak moves to dismiss the Amended Complaint for lack of subject matter jurisdiction and failure to state a claim. Dkt. 20. Rehak asserts that Rhett's § 1983 claims are barred by prosecutorial immunity, and the allegations amount to bare legal conclusions.[3] Dkt. 21, at 8, 12. Rehak also argues that the Amended Complaint fails to allege "any facts to establish how [he] was involved in this alleged conduct." *Id.* at 16.

Rhett filed a response to Rehak's motion to dismiss, asserting that Rehak violated her Fourth, Sixth, and Fourteenth Amendment rights. Dkt. 28 at 1. Rhett also attempts to revive her previously dropped state-law malicious prosecution claim, and requests leave to amend if "the Court were to identify any pleading deficiencies." *Id.* at 7.[4]

### III.    Analysis

### A.    Subject Matter Jurisdiction

Subject matter jurisdiction is a threshold question in determining whether a court may adjudicate a claim. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) ("[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived.") (citing United *States v. Cotton*, 535 U.S. 625, 630 (2002)). When subject matter jurisdiction is challenged by a 12(b)(1) motion, "the burden of proving subject matter jurisdiction is on the plaintiff." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765,

---

[3] Rehak also contends that Rhett's official capacity claims for money damages are barred by the Eleventh Amendment and that Rehak is entitled to qualified immunity. Dkt. 21, at 10, 16. Because Rhett's claims are barred by prosecutorial immunity and she fails to state a claim upon which relief can be granted, the Court does not reach these issues.

[4] On February 23, 2026, Rhett filed a "supplemental memorandum in opposition to defendant's reply in support of motion to dismiss" (Dkt. 33), which Rehak moved to strike under this Court's Local Rule 11(c)(1). Dkt. 34. Rehak subsequently filed a motion for leave to file supplemental memorandum. Dkt. 37. Because Rhett is proceeding *pro se*, the Court reviewed and considered the supplemental memorandum and finds that its claims and arguments are cumulative and do not impact this analysis. Accordingly, Rehak's motion to strike (Dkt. 34) is DENIED, and Rhett's motion for leave to file the supplemental memorandum (Dkt. 37) is GRANTED.

768 (4th Cir. 1991) (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). A 12(b)(1)

"challenge can be facial, asserting that the facts as pled fail to establish jurisdiction, or factual,

disputing the pleadings themselves and arguing that other facts demonstrate that no jurisdiction

exists." *Kissinger-Stankevitz v. Town of Tappahannock*, 750 F. Supp. 3d 590 (E.D. Va. 2024)

(citing *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017)).

Rehak's challenge to subject matter jurisdiction rests on the notion of prosecutorial

immunity, derived from Virginia's sovereign immunity. Dkt. 21, at 8.[5] The Supreme Court held

in *Imbler v. Pachtman* that a state prosecutor's actions which are "intimately associated with the

judicial phase of the criminal process" are entitled to "absolute immunity." 424 U.S. 409, 430

(1976). These actions include advocacy functions, such as "initiating a prosecution" and

"presenting the State's case." *Id.* at 431; *see, e.g., Safar v. Tingle,* 859 F.3d 241 (4th Cir. 2017)

(finding immunity for a prosecutor's decision on whether to withdraw an arrest warrant, even if

the alleged crime is discredited). Selecting facts for charging documents, determining the

strength of the evidence, and presenting this information to the court are also protected by this

immunity. *Nero v. Mosby*, 890 F.3d 106, 119 (4th Cir. 2018), citing *Kalina v. Fletcher*, 522 U.S.

118, 130 (1997). "Prosecutors plainly enjoy absolute immunity in the exercise of their

prosecutorial duties, of which the disclosure of *Brady* material to the defense is clearly one."

*Jean v. Collins*, 221 F.3d 656 (4th Cir. 2000) (Wilkinson concurrence). Conversely, absolute

---

[5] Some federal courts in Virginia have addressed sovereign immunity arguments under 12(b)(6) instead of 12(b)(1). *See e.g., Ziegler v. Dunn*, No. 3:23CV480 (RCY), 2024 WL 761860, at *4 (E.D. Va. Feb. 23, 2024) ("Though Virginia state sovereign immunity 'may have jurisdictional implications,' federal courts in Virginia have applied Rule 12(b)(6) when addressing this defense") (collecting cases). Nevertheless, for a facial subject matter jurisdiction challenge, "the plaintiff is 'afforded the same procedural protection as she would receive under a Rule 12(b)(6) consideration.'" *Kissinger-Stankevitz v. Town of Tappahannock*, 750 F. Supp. 3d 590, 610 (E.D. Va. 2024), *aff'd,* No. 24-2270, 2025 WL 3046480 (4th Cir. Oct. 31, 2025). Here, Rhett's allegations are insufficient to survive either a 12(b)(1) or a 12(b)(6) motion.

immunity does not extend to acts of "investigation, or "administration," such as those traditionally performed by a detective or police officer. *Buckley v. Fitzsimmons*, 509 U.S. 259, 270, 273 (1993) (internal citations omitted).

The Court in *Imbler* recognized that although "this immunity does leave the genuinely wronged defendants without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty," it "does not leave the public powerless to deter misconduct," as prosecutors are not beyond the reach of criminal or professional liability. *Imbler* at 427–29; *see also Dababnah v. Keller-Burnside*, 208 F.3d 467, 471 (4th Cir. 2000) ("Further, prosecutorial abuses—and we in no sense imply the presence of misconduct here—are subject to criminal and professional sanction."). These protections "obviate the need for damages actions to prevent unjust results." *Dababnah* at 471 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 522–23 (1985).

Here, Rhett argues that Rehak is not entitled to absolute prosecutorial immunity because he "acted outside the scope of his lawful authority." Dkt. 28 at 6. Rhett asserts that prosecutorial immunity does not apply to "conduct that is investigative, administrative, or undertaken in bad faith." *Id.* Rhett alleges misconduct in how Rehak conducted the functions associated with his office, including conducting discovery, deciding to take up and subsequently drop charges, and deciding which witnesses and evidence, whether credible or not, to present to the court. Dkt. 12, at 2. Rhett cites testimony presented by an informant at trial and statements made during motions hearings, as well as evidentiary disclosures required by *Brady v. Maryland*. *Id.* Each of these factual allegations fall within the core advocacy functions of a prosecutor, protected by *Imbler* and its progeny. Accordingly, Rehak is entitled to immunity for each of the acts of prosecutorial misconduct alleged in the Complaint.

6

**B.      Failure to State a Claim**

The Amended Complaint also fails to state a claim under Fed. R. Civ. P. 12(b)(6), as Rhett fails to allege any specific facts to support the broader conclusory allegations that Rehak violated her constitutional rights or maliciously prosecuted her. Rhett filed this action under 42 U.S.C. § 1983, which authorizes a civil action by a citizen deprived of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States by a person acting under color of state law. 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Though the Court liberally construes a *pro se* plaintiff's allegations, "[a] *pro se* plaintiff still must allege facts that state a cause of action." *Scarborough v. Frederick Cnty. Sch. Bd.*, 517 F. Supp. 3d 569, 575 (W.D. Va. 2021). Of the "factual allegations" listed in the Amended Complaint, only three specifically mention the "Defendants." *Id.* The first, that "Defendants allowed perjured testimony to be presented by an informant and failed to correct the record," (*Id.*) lacks any information on which testimony was "perjured," or whether Defendants knew it was incorrect. The second, that "Defendants failed to disclose material evidence or provide accurate information. . ." (*Id.*), does not explain which evidence was not disclosed or which information was inaccurate. The third, that "Defendants acted under color of state law in all actions described herein" (*Id.*) (emphasis omitted), is a broad descriptor of Defendants' behavior, and not a specific factual allegation.

7

The claims in the earlier attached document entitled "COMMONWEALTH OF VIRGINIA NOTICE OF TORT CLAIMS" (Dkt. 1, at 6–7) are similarly flawed. Though largely the same as the above, Rhett also contends that Rehak "[f]ailed to amend or reduce charges despite [an] abundance of credible evidence" and "[u]ltimately dropped the charges, confirming their lack of legal merit." Dkt. 1, at 6. In reaching these conclusions, Rhett does not explain what the evidence was against her or how the case lacked merit.

Furthermore, although Rhett contends that Rehak engaged in activities outside of a prosecutor's traditional advocacy functions, she makes no allegations to this effect. Rhett does not allege any facts that suggest that Rehak was acting outside the scope of his Commonwealth's Attorney position. *See* Dkt. 12, at 2 (listing factual allegations, including "critical statements were misrepresented in official transcripts," "perjured testimony [was] presented by an informant," and "Defendants failed to disclose material evidence").

In sum, Rhett's allegations are merely conclusory, insufficient to survive 12(b)(6), even if jurisdiction is proper.

### C. Dismissal with Prejudice

Though courts "should freely give leave when justice so requires," (Fed. R. Civ. Pro. 15(a)(2)) courts may deny leave "if the amendment would have been futile," such as an amendment that is "clearly insufficient or frivolous on its face," or one that "would not survive a motion to dismiss." *Save Our Sound OBX, Inc. v. N. Carolina Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019) (internal citations omitted). For instance, in *ACA Fin. Guar. Corp. v. City of Buena Vista, Virginia*, the Fourth Circuit affirmed a district court's decision to deny a request to amend where the moving party "never identified any facts they sought to include in an amendment" or "identified any cause of action they sought to add." 917 F.3d 206, 218 (4th Cir.

2019). Without this information, "there was no way for a district court to evaluate whether the proposed amendments were futile or not." *Id.*

In her single-sentence request for leave to amend, Rhett does not identify additional facts or causes of action that she would like to incorporate into this case. Dkt. 28 at 7. Rhett has not identified any actions taken by Rehak outside of his traditional advocacy functions—and there is no indication that Rhett possesses facts sufficient to overcome the scope of Rehak's prosecutorial immunity. Further information on witness or evidence credibility, even if presented, would be covered by this immunity. Therefore, amendment would be futile and dismissal with prejudice is appropriate.

### IV. Conclusion

Defendant's motions to dismiss (Dkt. 20) will be **GRANTED**, and this action will be **DISMISSED WITH PREJUDICE**.

An appropriate Order accompanies this Memorandum Opinion.

Entered: April 14, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge

9